# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00086-CR

**Blake Bowser, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. 000077, HONORABLE BOB PERKINS, JUDGE PRESIDING

A jury found appellant Blake Bowser guilty of murder and assessed punishment at imprisonment for forty-two years. *See* Tex. Pen. Code Ann. § 19.02 (West 1994). Appellant's court-appointed attorney filed a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant filed a pro se brief raising seventeen points of error. The first six points complain of the admission of testimony over hearsay and confrontation objections. The testimony

identified by appellant was properly admitted pursuant to the excited utterance exception to the hearsay rule. Tex. R. Evid. 803(2). This exception is firmly rooted, and thus there was no violation of appellant's confrontation right. *Salazar v. State*, 38 S.W.3d 141, 155 (Tex. Crim. App. 2001). Pro se points of error one through six are overruled.

Points seven through sixteen concern appellant's videotaped statement to the police, which was admitted in evidence. He urges that various statements made on the tape by the officer questioning him were hearsay or violations of appellant's confrontation right. In counsel's *Anders* brief, he explains why any error in the admission of appellant's statement (or portions of the statement) were harmless. Counsel notes that appellant testified and admitted both shooting the victim and his involvement in extraneous misconduct. We agree with counsel that if portions of appellant's statement were erroneously admitted, the error was harmless beyond a reasonable doubt. Tex. R. App. P. 44.2(a). Pro se points of error seven through sixteen are overruled.

Finally, appellant contends his trial attorney was ineffective for failing to request a mistrial when certain hearsay objections were overruled. A mistrial is called for when there is error so prejudicial that continuation of the trial would be futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). On this record, we cannot state that counsel's failure to request a mistrial was such a serious error that he was not functioning effectively as counsel or that this error prejudiced appellant's defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Pro se point of error seventeen is overruled.

We have reviewed the record, counsel's brief, and the pro se brief.  We agree with counsel that the appeal is frivolous and without merit.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   January 10, 2002

Do Not Publish